UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GARDEN CITY BOXING CLUB, INC.,

           Plaintiff,

  -v-                                     No. 07 Civ. 8753 (LTS)(KNF)

TENTACIONES POBLANAS
RESTAURANT, INC., d/b/a Tentaciones
Mexicanas Restaurant,

           Defendant.

-------------------------------------------------------x

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

On October 10, 2007, Plaintiff Garden City Boxing Club, Inc. ("Plaintiff"), filed the above-captioned action against Defendant Tentaciones Poblanas Restaurant, Inc., d/b/a Tentaciones Mexicanas Restaurant ("Defendant"), alleging that Defendant violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, by, <u>inter alia</u>, wilfully transmitting an interstate communication, namely, the closed-circuit telecast of the November 27, 2004, boxing match between Erik Morales and Marco Antonio Barrera III ("the Event"), and publishing it without authorization.[1] Plaintiff now moves under Rule 55 of the Federal Rules of Civil Procedure for entry of a default judgment against Defendant, and an award of judgment in the total amount of $20,000, plus prejudgment interest, costs and disbursements of this action against the same. For the following reasons, Plaintiff's motion for default is granted and the Clerk of Court shall enter judgment against Defendant.

---

[1] The action was also brought against an individual, Ubaldo Guerrero, but the action was later discontinued as to him. (Docket Entry No. 7.)

DEFJ.WPD    VERSION 6/18/08                                                                 1

Plaintiff served the summons and complaint on Defendant on December 6, 2007, as verified by the Clerk's Certificate of Default submitted with Plaintiff's moving papers. Defendant did not file an answer or otherwise respond to the complaint, nor has Defendant entered an appearance in this action. On April 18, 2008, the Court issued an Order allowing Plaintiff to file the instant motion for default judgment. Plaintiff filed its motion, along with proof of service, on May 13, 2008. Defendant has not responded to date.

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). The Court finds that all three factors weigh in favor of granting Plaintiff's request for default judgment.

Defendant's non-appearance in the action and failure to respond to the complaint and the instant motion practice indicate willful conduct. Further, the Court is unable to determine whether Defendant has a meritorious defense to Plaintiff's allegations because it has presented no such defense to the Court. Thus, Plaintiff's allegations are deemed admitted. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The Court also concludes that the complaint, which includes allegations of Defendant's motives and the purposeful activities undertaken by Defendant in order to publish the Event without authorization, sufficiently establishes willful violations of sections 553 and 605 when the allegations are construed as true. Finally, denying the motion would be unfairly prejudicial to Plaintiff, because Defendant has failed to respond or appear. Pursuant to Rule 55(a), the Court may enter default due to this failure. See Fed. R. Civ. P.

55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Accordingly, Plaintiff's motion for default judgment is granted.

Although willful violations of both section 553 and 605 have been established, Plaintiff may only recover damages under one of these provisions. Time Warner Cable of New York City v. Barbosa, No. 98 Civ. 3522, 2001 WL 118608, *5 (S.D.N.Y. Jan. 2, 2001). Under either provision, the Court is authorized to award Plaintiff statutory damages of $20,000, which is within the statutory range permissible for willful violations of either provision. See 47 U.S.C. §§ 553(c)(3)(B) (maximum of $50,000); 605(e)(3)(C)(ii) (maximum of $100,000). Therefore, the Court will award Plaintiff statutory damages of $20,000 as against Defendant, along with costs and disbursements of $470 expended in connection with this action. Plaintiff's request for prejudgment interest, however, is denied, because the complaint does not specifically mention prejudgment interest in its request for relief, see Silge v. Merz, 510 F.3d 157 (2d Cir. 2007), nor would the Court in its discretion have awarded prejudgment interest on the instant record even if it had been specifically pleaded in the complaint's request for relief.

For the aforementioned reasons, Plaintiff's motion for default judgment is granted, and a judgment will be entered separately. The Clerk of Court is respectfully requested to terminate all pending motions and close this case.

SO ORDERED.

Dated:    New York, New York
          June 19, 2008

                                          _____
                                          LAURA TAYLOR SWAIN
                                          United States District Judge